UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KRUPPENBACHER,

                Plaintiff,

-against-

ANTHONY J. ANNUCCI, *et al.*,

                Defendants.

20-CV-0110 (LLS)

ORDER TO SHOW CAUSE

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated April 7, 2020, Chief Judge Colleen McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court directs Plaintiff to show cause within sixty days of the date of this order why the Court should not dismiss this matter as time-barred.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action regarding events that occurred in January 2016, when he was incarcerated in Green Haven Correctional Facility. The following allegations are taken from the complaint. On January 6, 2016, John Doe #1 ordered Plaintiff "to go to a visit." (ECF No. 1 at

2

9.) At or around the same time, he also was "told by Lieutenant Susan Hann (Hann) to go to medical." (*Id.*) After Plaintiff objected to Hann's order, "Hann . . . threaten[ed] the plaintiff with denying his visit" and "with being written up and keeplocked." (*Id.*) In response, Plaintiff visited the medical unit where "Hann . . . and others . . . threaten[ed] the plaintiff, saying if he would just let his blood pressure be taken [then] the plaintiff could . . . go to his visit." (*Id.*) "The Plaintiff feeling he had no other recourse to this unlawful demand and wanting to see his family acceded under protest." (*Id.*) But after "having his blood pressure taken, the plaintiff was still denied . . . his right of a refusal and to go to his visit. (*Id.* at 10.)

After this initial order to visit the medical unit, "the plaintiff was once again . . . as before and by all of those in attendance . . . forced to submit to being tested, probed or touched in every manner possible." (*Id.*) "There was even a time where it came about that the plaintiff was ordered to completely undress all the way down to wearing only his undershorts in the presence of those there . . . and subjected to further inspection that was beyond the mere visual for all of those there which included four of the opposite gender." (*Id.*)

"After nearly two (2) hours without anything having been found to substantiate the seizure, the plaintiff was permitted to go to his visit." (*Id.*)

After this incident, "[i]n retaliation, Hann wrote the plaintiff up on a referral, claiming he was in need of psychiatric attention [in light of] his attempting to refuse the medical services." (*Id.* at 11.) Moreover, after returning from his visit, he "found all of this property in his cell had been trashed by prison guard Wilfredo Lamboy." (*Id.*) He also learned that evening that he had been placed on keep-lock, which resulted in his missing meals and recreation from January 6, 2016, to January 7, 2016. (*Id.*)

Approximately one week later, on January 15, 2016, Plaintiff "was seen by a Dr. Right on the written referral by Hann, and told the plaintiff there was nothing wrong with [him]." (*Id.*)

Plaintiff names eight Defendants, all of whom are New York State Department of Corrections and Community Supervision (DOCCS) officials or employees. He seeks declaratory and injunctive relief, as well as money damages.

Plaintiff signed and dated the complaint on July 15, 2019, but the Clerk of Court did not receive it until January 2, 2020. The envelope was postmarked on December 23, 2019.[2]

## DISCUSSION

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

A prisoner's *pro se* civil complaint is deemed "filed" at the moment the prisoner delivers the complaint to prison authorities for mailing to the court. *See Walter v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005).

Plaintiff appears to have signed the complaint on July 28, 2019, but the complaint includes no indication that Plaintiff placed the complaint in the prison's mail system on that date. Moreover, the other complaints from Plaintiff that arrived in the same envelope were each signed on a different date. *See Kruppenbacher*, ECF 1:20-CV-1820, 1 (dated Aug. 9, 2019); *Kruppenbacher*, ECF 1:20-CV-0109, 1 (dated Aug. 16, 2016); *Kruppenbacher*, ECF 1:20-CV-

---

[2] The complaint in this action is one of six complaints that Plaintiff mailed to the Court in the same envelope. *See Kruppenbacher v. Kirkpatrick*, ECF 1:20-CV-1820, 1 (S.D.N.Y. filed Jan 2. 2020); *Kruppenbacher v. Annucci*, ECF 1:20-CV-0109, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Griffin*, ECF 1:20-CV-0108, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Annucci*, ECF 1:20-CV-0107, 1 (S.D.N.Y. filed Jan. 2, 2020); *Kruppenbacher v. Annuci*, ECF 1:20-CV-0071, 2 (S.D.N.Y. dismissed Feb. 10, 2010).

4

0108, 1 (dated Aug. 4, 2019); *Kruppenbacher*, ECF 1:20-CV-0107, 1 (dated July 28, 2019); *Kruppenbacher*, ECF 1:20-CV-0071, 2 (dated July 1, 2019).

The envelope containing Plaintiff's complaint was postmarked on December 23, 2019, in Dannemora, New York, the town in which Plaintiff is incarcerated. Assuming that Plaintiff is deemed to have filed the complaint in December 2019, any claims that accrued before December 2016 are time-barred. In other words, the claims that Plaintiff asserts in this complaint are time-barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The face of the complaint indicates that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him sixty days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make

narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not dismiss his § 1983 claims as time-barred. Plaintiff must submit a declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order, and label the document with docket number 20-CV-0110 (LLS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim on which relief may be granted.

A copy of this order is to be mailed in chambers.

SO ORDERED.

Dated: April 8, 2020
        New York, New York

                                              Louis L. Stanton
                                                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                Signature

_____     _____
Name                              Prison Identification # (if incarcerated)

_____  _____  _____
Address                         City       State       Zip Code

_____     _____
Telephone Number (if available)   E-mail Address (if available)