UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KRUPPENBACHER,

                Plaintiff,

      -against-

ANTHONY ANNUCCI, *et al.*,

                Defendants.

20-CV-0110 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated February 3, 2021, the Court granted Plaintiff leave to file an amended complaint within sixty days. Specifically, the Court directed Plaintiff to state facts in support of four claims: (1) a "medical refusal claim"; (2) a "privacy claim"; (3) a "family visit claim"; and (4) a "medical claim." (ECF 10, at 4.)

On April 9, 2021, the Court received a letter from Plaintiff requesting an extension of time to file his amended complaint. (ECF 11.) He states that he requires an extension because he has been denied access to the law library where he "need[s] both time to research and materials only available there for writing and submitting petitions to the courts."[1] (*Id.* at 2.)

The Court grants Plaintiff's request for an extension of time to submit his amended complaint, within 30 days of the date of this order. The Court notes that the amended complaint must include facts in support of Plaintiff's claim. The complaint does not require any references to the law, and Plaintiff may rely on the order to amend for guidance. A copy of that order and a new amended complaint form is attached to this order.

---

[1] Plaintiff also complains of the medical treatment he currently is receiving at Clinton Correctional Facility, which is located in Clinton County, New York. As that county is within the Northern District of New York, *see* 28 U.S.C. § 112(a), this Court is not the proper venue to consider any claims arising out of Plaintiff's current incarceration, *see* 28 U.S.C. § 1391(b) ("A civil action may be brought in [ ] a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[ ] [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]").

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   April 14, 2021
         New York, New York

                                        _Louis L. Stanton_
                                           Louis L. Stanton
                                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KRUPPENBACHER,

              Plaintiff,

        -against-

ANTHONY J. ANNUCCI, Acting Commissioner,
*et al.*,

            Defendants.

20-CV-0110 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

By order dated December 18, 2019, the Court had granted Plaintiff leave to amend his complaint. The title of the order, "Order of Dismissal," however, was in error. On January 22, 2021, the Court received notice that Plaintiff had refused the December 18, 2019 order when it was delivered to him from correctional staff. Because it is unclear whether Plaintiff refused the order because of the title, in an abundance of caution, the Court vacates that order and directs the Clerk of Court to file and docket this order, which correctly titles the order, "Order to  Amend." In all other aspects, this order is a duplicate of the December 18, 2019 order. Plaintiff shall have 60 days from the date of this order to file an amended complaint.

Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in 2016. By order dated April 8, 2020, the Court ordered Plaintiff to show cause why the action should not be dismissed as time-barred. Plaintiff submitted a declaration, and the Court has reviewed it. For the reasons set forth in this order, the Court grants Plaintiff sixty days from the date of this order to file an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff brings this action, asserting claims that arose in 2016, while he was incarcerated at Green Haven Correctional Facility. He names as Defendants Anthony J. Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision; Laura A. Stanaway, supervisor of the Inmate Grievance Program (IGP) at Green Haven; Karen Bellamy, former director of the IGP; Thomas R. Griffin, former superintendent at Green Haven; Correction Officers Adam M. Backaus, Susan M. Hann, and Wilfredo Lamboy; and John Doe Correction Officer #1 ("John Doe #1").

Plaintiff alleges the following: on January 6, 2016, Defendant Hann ordered Plaintiff "to go to medical," after he had been ordered by John Doe #1 to attend visiting hours with his family. (ECF No. 1 at 11.) After Plaintiff objected to Hann's order, "Hann . . . threaten[ed] the plaintiff with denying his visit" and "with being written up and keeplocked." (*Id.*) In response, Plaintiff visited the medical unit where "Hann . . . and others . . . threaten[ed] the plaintiff, saying if he would just let his blood pressure be taken [then] the plaintiff could . . . go to his visit." (*Id.*) "The Plaintiff feeling he had no other recourse to this unlawful demand and wanting

to see his family acceded under protest." (*Id.*) But after "having his blood pressure taken, the plaintiff was still denied . . . his right of a refusal and to go to his visit. (*Id.* at 10.)

After this initial order to visit the medical unit, "the plaintiff was once again . . . as before and by all of those in attendance . . . forced to submit to being tested, probed or touched in every manner possible." (*Id.*) "There was even a time where it came about that the plaintiff was ordered to completely undress all the way down to wearing only his undershorts in the presence of those there . . . and subjected to further inspection that was beyond the mere visual for all of those there which included four of the opposite gender." (*Id.*)

"After nearly two (2) hours without anything having been found to substantiate the seizure, the plaintiff was permitted to go to his visit." (*Id.*)

After this incident, "[i]n retaliation, Hann wrote the plaintiff up on a referral, claiming he was in need of psychiatric attention [in light of] his attempting to refuse the medical services." (*Id.* at 11.) Moreover, after returning from his visit, he "found all of this property in his cell had been trashed by prison guard Wilfredo Lamboy." (*Id.*)

Plaintiff later learned that evening from Defendant Backaus, who read from a "go-around list," that Plaintiff had been placed on keep-lock, which resulted in his missing meals and recreation from January 6, 2016, to January 7, 2016. (*Id.*) Plaintiff asserts that he "was a known[n] diabetic and thus was far more susceptible to dangerous health issues, and the unlawful practice not to provide him a mean for nourishment, constituted a deliberate and depraved indifference to his health and medical needs." (*Id.* at 12.)

Plaintiff alleges that he grieved all of these claims, but the grievances were denied.

Before filing this action, Plaintiff filed two claims in the New York State Court of Claims, one on December 9, 2015 (which preceded these events), and the second on January 21, 2016; both claims were denied. (*See id.* at 5.)

In Plaintiff's declaration, he alleges that from September 2018 until December 2019, Defendants "continuously denied, obstructed and/or hindered [him] to complete and submit his complaint for filing on time." (ECF No. 7, at 6; 12/19/19 letter, from Plaintiff to the Clerk of Court.)

## DISCUSSION

Because Plaintiff provides allegations that arguably support the finding that the claims should not be dismissed as time-barred, the Court declines to dismiss the action on this basis at this stage. But in reviewing the complaint, the Court concludes that Plaintiff has failed to state a claim showing that he is entitled to relief from the named defendants. The Court therefore grants Plaintiff leave to file an amended complaint in support of the following four claims: (1) Defendant Hahn denied Plaintiff the right to refuse medical attention ("medical refusal claim"); (2) Hahn violated Plaintiff's right to privacy when she allowed Plaintiff to be examined in front of staff of the opposite gender ("privacy claim"); (3) Hahn denied Plaintiff the right to visit with his family ("family visit claim"); and (4) an unnamed defendant denied Plaintiff the right to adequate medical attention when this individual denied him a meal despite Plaintiff's being diabetic ("medical claim").

For the reasons set forth below, the Court dismisses claims against the remaining defendants as follows: (1) claims brought against Annucci and Griffen, based on their lack of personal involvement as supervisors ("supervisory liability claims"); (2) claims brought against Stanaway and Bellamy regarding their involvement in Plaintiff's grievances ("grievance claims"); (3) claims brought against John Doe #1 and Adam Backaus, based on their lack of

personal involvement; and (3) claims brought against Lamboy related to his allegedly destroying Plaintiff's property ("property claim").

**A.      Claims that must be dismissed**

     **1.      Supervisory liability claims**

     To state a claim under § 1983 against an individual, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

     Plaintiff names as defendants Acting Commissioner Annucci and former Superintendent Griffen, but he alleges no facts suggesting that they were involved personally with any of the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's

---

[1] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

claims against Annucci and Griffen, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    No personal involvement

Plaintiff's claims against John Doe #1 and Backaus fail to state a claim because the facts alleged do not suggest that either of these defendants violated any of Plaintiff's rights. Rather, it appears that Plaintiff named these individuals because they were each present while other individuals allegedly violated his rights: (1) John Doe #1 directed Plaintiff to attend visiting hours with his family, and (2) Backaus, reading from a list, informed Plaintiff that someone else had placed Plaintiff in restricted housing. But neither of these allegations suggest that these defendants violated Plaintiff's rights. Thus, the Court dismisses the claims brought against John Doe #1 and Backaus, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Grievance claims

The Court construes Plaintiff's grievance claims as arising under the Fourteenth Amendment Due Process Clause and denies the claim because an official's failure to follow a prison directive does not constitute a violation of a prisoner's federal constitutional rights. *See Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2013) (holding that "state statutes do not create federally protected due process entitlements to specific state-mandated procedures"); *see, e.g. Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002) ("[T]he law is settled that failure to follow a [Department of Corrections'] Directive or prison regulation does not give rise to a federal constitutional claim.").

Here, the Fourteenth Amendment does not provide Plaintiff with a constitutionally protected right to file a grievance or receive process with respect to a filed grievance. Thus, any due process claim he seeks to bring against Defendants Bellamy and Stanaway regarding their

involvement in processing his grievances is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**4.      Property claim**

Plaintiff's claim that Defendant Lamboy destroyed his property also must be dismissed because a claim for deprivation of property is not recognized by law in federal court, if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). New York provides such a remedy in § 9 of the New York Court of Claims Act. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city prison officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin or conversion).

Where a state provides an adequate post-deprivation remedy, a prisoner cannot state a claim that he has been deprived of property without due process of law, *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983), unless the remedy was in some way inadequate or inappropriate, *see Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990).

Here, Plaintiff cannot state a due process claim against Lamboy because New York State provides a process to remedy the alleged destruction of his property. Indeed, Plaintiff took advantage of that process by filing a claim in the New York Court of Claims, where he lost. As Plaintiff does not allege any facts suggesting that this remedy was in any inadequate, he cannot state a due process claim, and the claim against Lamboy is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.       Claims that may proceed**

**1.       Medical refusal claim**

Under the Fourteenth Amendment to the United States Constitution, all individuals,

including prisoners, possess "'a constitutionally protected liberty interest in refusing unwanted

medical treatment,'" *Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir. 2006) (quoting *Cruzan v.*

*Director, Missouri Department of Health*, 497 U.S. 261, 278 (1990)); *see Washington v. Harper*,

494 U.S. 210, 221 (1990) (recognizing a prisoner's "significant liberty interest in avoiding the

unwanted administration of antipsychotic drugs"). This right includes the right to medical

information "necessary to make an informed decision regarding medical treatment." *Pabon*, 459

F.3d at 249.

A prisoner's right to refuse medical treatment will not be honored, however, "if

legitimate penological interests require the prisoner to be treated." *Pabon*, 459 F.3d at 252. "If

prison officials, including doctors, identify situations in which they reasonably believe that

treatment is required, notwithstanding the prisoner's asserted right to refuse it, the right must

give way." *Id.* Thus, "[a] prisoner can establish liability for the violation of a constitutional right

only if his individual liberty interest outweighs the relevant countervailing state interests." *Id.*

In the complaint, Plaintiff alleges that on two occasions, he indicated to medical staff that

he did not want the medical treatment provided. First, he claims that he did not want his blood

pressure taken. But this allegation likely fails to state a claim because Plaintiff does not provide

any facts suggesting that he did not want the treatment for medical reasons. Rather, it appears he

sought to decline the treatment because it was causing a delay in his family visit. As Plaintiff's

liberty interest in refusing medical treatment is based on his right to make an informed decision

regarding medical treatment, it does not appear that his refusal of that treatment for nonmedical

reasons implicates the Fourteenth Amendment.

The second incident of refusing medical treatment involved Plaintiff's being "forced to submit to being tested, probed or touched in every manner possible." (ECF 1 at 10.) This allegation, however, does not sufficiently describe the treatment he received and the reasons why he did not want the treatment.

Because Plaintiff's allegations regarding these incidents do not suggest that any defendant violated Plaintiff's right to refuse medical treatment, the Court grants Plaintiff leave to file an amended complaint to state facts in support of these claims.

### 2.    Privacy claim

Related to his medical claim is Plaintiff's allegation that Defendant Hann required him to undress while female officers were present. Because Plaintiff does not provide sufficient information to state a privacy claim, the Court also grants him leave to amend this claim.

Courts generally have found that the "occasional, indirect, or brief viewing of a naked prisoner by a guard of the opposite sex may be permissible, but that regular and close viewing is prohibited." *Correction Officers Benev. Ass'n of Rockland Cty. v. Kralik*, No. 04-CV-2199, 2011 WL 1236135, at *11 (S.D.N.Y. Mar. 30, 2011) (internal quotation marks omitted) (collecting cases). Here, Plaintiff's allegation does not suggest that the female officers, to the extent they viewed Plaintiff at all, did so on a regular or close basis. Accordingly, the Court grants Plaintiff leave to provide more facts in support of this claim.

### 3.    Family visit claim

The Court construes Plaintiff's allegation regarding the alleged denial of a visit with his family as a violation of his right of free association, protected under the First Amendment to the United States Constitution. This right, as applied to prisoners, "is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In fact, in *Overton*, the Supreme Court declined to consider whether there is a First Amendment right to

visitation in prison: "We need not attempt to explore or define the asserted right of association at any length or determine the extent to which it survives incarceration." *Id.* at 131-32. Moreover, "[c]ases in this circuit also have not clearly established a right to spousal visitation in prison." *Malave v. Weir*, 750 F. App'x 65, 67 (2d Cir. 2019). Where the Second Circuit assumed without holding "that prisoners have a right under the First Amendment to have family visits," the Circuit noted that the "right could not require that visits by family members be permitted on demand, but rather must be subject to reasonable restrictions on the time, place and manner of visits." *Mills v. Fischer*, 497 F. App'x 114, 116 (2d Cir. 2012).

Here, Plaintiff's allegation that Hahn denied him visitation with his family does not state a constitutional claim. Assuming for the purposes of this order that Plaintiff does possess a First Amendment right to visit with his family, the facts alleged suggest only that Plaintiff and Hahn disagreed about the timing of the visit in relation to Plaintiff's medical treatment. Indeed, Plaintiff alleges he eventually visited with his family. (*See* ECF 1 at 10.) But because this claim appears to relate to Plaintiff's other two claims, in which the Court has granted him leave to amend, the Court also grants Plaintiff leave to amend this claim as well.

### 4.   Medical care claim

The Court construes Plaintiff's allegation that his missed meal affected his diabetes as alleging a violation of his constitutional right to adequate medical care. To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in

combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). That is, the prisoner must state facts showing that the correctional staff possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" to satisfy the subjective component of the deliberate indifference standard).

11

Here, Plaintiff's allegation that the decision by an unnamed correction officer to deny him one meal – which Plaintiff states could have caused him harm because he is diabetic – is insufficient to state a claim that any officer showed deliberate indifference to Plaintiff's serious medical needs. Put simply, Plaintiff fails to state any facts suggesting that the officer who ordered Plaintiff to miss a meal knew that he would be placing Plaintiff at a substantial risk of harm. But because the Court cannot rule out the possibility that Plaintiff could allege facts suggesting that a correctional officer did show deliberate indifference, the Court grants him leave to amend this claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all

does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #2, on duty January 6, 2020, at Green Haven Correctional Facility, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs the Clerk of Court to vacate the order of dismissal. (ECF 9.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0110 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from this action Defendants Annucci, Griffin, Stanaway, Bellamy, Backaus, Lamboy, and John Doe #1, for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:     February 3, 2021
           New York, New York

                                            _Louis L. Stanton_
                                            Louis L. Stanton
                                            U.S.D.J.

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                 Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                     Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 2:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 3:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 4:

First Name                     Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____