UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KRUPPENBACHER,

                              Plaintiff,

            -against-

SUSAN M. HANN, Lieutenant GHCF; and
LAURA A. STANAWAY, Supervisor Inmate
Program GHCF,

                              Defendants.

20-CV-0110 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated at Five Points Correctional Facility,[1] brings this *pro se*

action under 42 U.S.C. § 1983, alleging that while he was incarcerated at Green Haven

Correctional Facility ("Green Haven"), Defendant Susan M. Hann, a Green Haven Lieutenant,

required him to undergo a medical examination after Plaintiff had refused treatment. He also

alleges that Defendant Laura Stanaway, a Green Haven Supervisor for the Inmate Grievance

Program, failed to process his grievances. By order dated April 7, 2020, then-Chief Judge

Colleen McMahon Court granted Plaintiff's request to proceed without prepayment of fees, that

is, *in forma pauperis* (IFP).[2]

        As set forth below, the Court dismisses all claims brought against Stanaway for failure to

state a claim and orders service on Hann.

---

        [1] Although the docket states plaintiff is currently incarcerated at Clinton Correctional
Facility, the New York State Department of Corrections and Community Supervision
("DOCCS") Inmate Lookup indicates plaintiff is currently incarcerated at Five Points
Correctional Facility

        [2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**A.     The Court Dismisses the Claims Against Stanaway**

Because Plaintiff alleges that Stanaway failed to process his grievances, the Court construes this allegation as asserting a procedural due process claim under the Fourteenth Amendment to the United States Constitution.

The Due Process Clause "protect[s] a substantive interest to which [an] individual has a legitimate claim of entitlement." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (internal quotation marks omitted, alterations added). While some "state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests [citation omitted], state statutes do not create federally protected due process entitlements to specific state-mandated procedures." *Id.* In the context of a prison grievance program, a correctional official's failure to comply with state procedural requirements does not give rise to a due process claim. *See, e.g.*, *Brown v. Graham*, 470 F. App'x 11, 2011 WL 933993, *1 (2d Cir. Mar. 21, 2012) ("[Plaintiff]'s argument that he has a federally-

2

protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases); *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (noting that prisoners do not have a "constitutional right to a prison grievance procedure or to have his grievances investigated") (internal quotation marks and citation omitted); *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that "correction officers' failure to properly address [the prisoner's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [the prisoner] was not deprived of a protected liberty interest").

As Plaintiff does not allege that he was deprived of a protected liberty interest when Stanaway failed to process his grievances, he fails to state a due process claim. The Court therefore dismisses the claims brought against Stanaway. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      The Court orders service on Hahn**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Susan M. Hann through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  Because the New York State Inmate look up indicates plaintiff is currently incarcerated at Five Points Correctional Facility, the Clerk shall (i) mail the information packet to the follow address, and (ii) update the docket to reflect this as plaintiff's current address:

> Joseph Kruppenbacher
> DIN # 09A2532
> 6600 State Route 96
> Caller Box 400 (Incarcerated Individual Mail: Caller Box 119)
> Romulus, NY 14541

**Plaintiff should note that in the future, it is his responsibility promptly to update if his address changes, as explained above.**

4

The Clerk of Court is further instructed to issue a summons as to Susan M. Hann, complete the USM-285 forms with the addresses for Hann, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses all claims brought against Stanaway for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 2, 2021
          White Plains, New York

                                                    _____
                                                    VINCENT L. BRICCETTI
                                                    United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Lieutenant Susan M. Hann
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582-0010