UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOSEPH KRUPPENBACHER,
                    Plaintiff,

v.

SUSAN M. HANN, Lieutenant GHCF,
                    Defendant.

------------------------------------------------------------x

**ORDER OF DISMISSAL**

20 CV 110 (VB)

*Copies Mailed/Faxed 7-6-22 DH*
*Chambers of Vincent L. Briccetti*

        Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint on January 2, 2020. (Doc. #1). At that time, plaintiff was incarcerated at Clinton Correctional Facility. (See id. at ECF 17).

        On November 2, 2021, the Court issued an Order of Service that updated plaintiff's address on the docket to Five Points Correctional Facility because the New York State DOCCS Inmate Lookup webpage indicated that plaintiff was incarcerated at Five Points. (Doc. #16). The November 2 Order of Service stated twice, once in bold font, that it is plaintiff's responsibility to notify the Court if his address changes. See id. The November 2 Order also indicated that the Court may dismiss the action if plaintiff fails to update the Court in writing of any changes to his address. See id.

        The November 2 Order of Service was mailed to plaintiff at Five Points Correctional Facility, along with an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #18). Like the November 2 Order of Service, the Instructions pamphlet also stated it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #18, at ECF 2).

        The subsequent procedural history of this case is set forth in the Court's Orders dated April 12, 2022 (Doc. #25), and May 18, 2022 (Doc. #26), including that plaintiff failed to oppose defendant's motion to dismiss.

        In the April 12 Order, the Court directed plaintiff to update the Court in writing as to his current address by May 12, 2022, and warned plaintiff that the Court may dismiss the action for failure to prosecute or comply with Court orders pursuant to Fed. R. Civ. P. 41(b) if he failed to do so. The April 12 Order was mailed to plaintiff at the address on the docket, as well as to Fishkill Correctional Facility (but the copy delivered to Fishkill was returned as undeliverable).

        After plaintiff failed to respond to the Court's April 12 Order, the Court issued the May 18 Order sua sponte extending plaintiff's deadline to update the Court in writing as to his current address to June 21, 2022, and again warned plaintiff, in bold and underlined font, that the Court would deem this case abandoned and dismiss it if he failed to do so. The May 18 Order was mailed to plaintiff at the address on the docket.

**To date, plaintiff has failed to update the Court as to his current address. Accordingly, the Court concludes plaintiff has abandoned this case.**

In deciding whether to dismiss this case for failure to prosecute, the Court has considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996). Having done so, the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Clerk is directed to close this case.

Dated: July 6, 2022
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

2